UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| PRESIDENT CASINOS, INC., ) | Case No. 02-53005-659 |
| ) | Chapter 11 |
| ) | |
| Debtor. ) | **PUBLISHED** |

**O R D E R**

The matter before the Court is Objection to Claim of Anita Patterson Against President Casinos, Inc. and President Riverboat Casino-Missouri, Inc. (hereinafter "Objection") filed by President Casinos, Inc., for itself and as Trustee for the President Riverboat Casino-Missouri, Inc. Distribution Trust (hereinafter "Distribution Trust") and Response to Objection to Claim of Anita Patterson Against President Casinos, Inc. and President Riverboat Casino-Missouri, Inc. (hereinafter "Response to Objection"). A hearing in this matter was held on January 12, 2009, at which the parties appeared by counsel. After the hearing, the matter was taken as submitted. Upon consideration of the record as a whole, the Court makes the following FINDINGS OF FACT:

On June 20, 2002, President Casinos, Inc. (hereinafter "PCI"), President Riverboat Casino-Missouri, Inc. (hereinafter "PRC-MO") and several affiliated companies (hereinafter collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Mississippi (hereinafter "Mississippi Bankruptcy Court"). The Mississippi Bankruptcy Court set October 21, 2002 as the Claims Bar Date[1] for the PRC-MO case. The Mississippi Bankruptcy Court then transferred the Debtors' respective bankruptcy cases to this Court. In this Court, Debtors' bankruptcy cases have been jointly administered but remain substantively separate.

On May 26, 2006, this Court authorized the sale of PRC-MO's common stock to Pinnacle

---

[1] The Claims Bar Date is the last day by which non-governmental creditors holding pre-petition claims can file proofs of claim against PRC-MO.

Entertainment, Inc., pursuant to the Riverboat Sale and Purchase Agreement dated February 24, 2006 (hereinafter "Purchase Agreement").  According to the Purchase Agreement, the sale was conditioned upon confirmation of a plan of reorganization for PRC-MO.  A plan of reorganization for PRC-MO was confirmed on December 4, 2006 (hereinafter "Confirmation Order") with an effective date of December 20, 2006.

On January 5, 2007, this Court ordered that the Administrative Claims Bar Date[2] for the PRC-MO bankruptcy case be February 20, 2007 and approved a form for creditors to use in filing administrative claims against PRC-MO.  On January 7, 2007, and January 14, 2007, notice of the PRC-MO bankruptcy case and Administrative Claims Bar Date was published in the St. Louis Post-Dispatch and the Belleville News Democrat.

Anita Patterson (hereinafter "Claimant") received no notice of Debtors' bankruptcy cases or the necessity to file a Proof of Claim in either bankruptcy case until after she had requested and was issued a right to sue letter by the Missouri Commission on Human Rights.  On October 2, 2008, Claimant filed an unliquidated Proof of Claim in the PCI bankruptcy case.

The Proof of Claim asserted employment discrimination by PRC-MO related to Claimant's termination as a PRC-MO employee.  Claimant was employed by PRC-MO from December 19, 1994 through October 3, 2006, the date of her termination.

PCI for itself and Trustee for the Distribution Trust (hereinafter collectively "Distribution Trustee PCI") argues that Claimant filed her Proof of Claim in the wrong case.  Distribution Trustee PCI asserts that Claimant's claim, on its face, alleged a claim against PRC-MO but was filed in the PCI bankruptcy case, which is substantively separate despite the collective administration of Debtors' respective bankruptcy cases.  Distribution Trustee PCI contends that PCI never employed Claimant and was not involved in Claimant's termination.  Therefore, Distribution Trustee PCI requests that Claimant's claim be moved to the PRC-MO bankruptcy case.

---

[2] The Administrative Claims Bar Date is the last day for creditors to file claims against PRC-MO that arose on or after June 20, 2002 and before the effective date of the confirmed plan.

Distribution Trustee PCI further argues that Claimant's claim should be disallowed in its entirety as untimely filed because Claimant's Proof of Claim was not filed until October 2, 2008, after both the Claims Bar Date and the Administrative Claims Bar Date. Distribution Trustee PCI contends that the finality provided by the Confirmation Order is crucial to PRC-MO's reorganization efforts because creditors and other interested parties have acted in reliance on PRC-MO's Plan of Reorganization and the Confirmation Order.

Claimant argues that her claim was not filed in the wrong case. Claimant states that the Proof of Claim was filed in case number 02-53005-659, asserting claims against both PRC-MO and PCI. Claimant asserts that she requested clarification from PCI's counsel concerning whether PRC-MO or PCI was considered her employer. Claimant contends that Distribution Trustee PCI's Objection was the first time it was unequivocally stated that PRC-MO was her employer. Claimant however does not oppose Distribution Trustee PCI's request that the claim be moved to PRC-MO's bankruptcy case.

Claimant further argues that her claim was not late filed. Claimant maintains that her Proof of Claim was filed as soon as practical after she received notice of the Debtors' bankruptcy cases and the necessity to file a Proof of Claim regarding claims against PRC-MO and/or PCI. Claimant requests that this Court overrule Distribution Trustee PCI's Objection.

## JURISDICTION AND VENUE

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334 (2002) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (2002). Venue is proper in this District under 28 U.S.C. § 1409(a) (2002).

**CONCLUSIONS OF LAW**

The issue is whether Distribution Trustee PCI's Objection to Claimant's claim filed after confirmation of PRC-MO's Plan of Reorganization should be sustained where Claimant did not receive notice of PRC-MO's bankruptcy case. Claimant's claim arose as of October 3, 2006, the date of her termination. *See McSherry v. Trans World Airlines, Inc.* 81 F.3d 739 (8th Cir. 1996) (holding that a claim in an unlawful termination suit accrues on the date of termination). PRC-MO's plan was confirmed on December 4, 2006. On October 2, 2008, Claimant filed an unliquidated Proof of Claim in the PCI bankruptcy case. Although Claimant filed a Proof of Claim after confirmation of PRC-MO's plan, Claimant's claim arose before confirmation. Pursuant to 11 U.S.C. § 1141(d)(1)(A), a debtor is discharged from any debt that arose before the date of confirmation. 11 U.S.C. § 1141(d)(1)(A) (2002).

Distribution Trustee PCI argues that Claimant's claim should be barred because creditors and other interested parties have acted in reliance upon PRC-MO's Plan of Reorganization and the Confirmation Order. This argument fails because confirmation orders are not binding on those claimants who did not receive notice of the bankruptcy case. In fact, a debtor cannot contend that a claim is late filed when the debtor failed to give notice to the claimant. *In re Smith*, 217 B.R. 567 (Bankr. E.D. Ark. 1998) (citing *In re Barnett*, 42 B.R. 254 (Bankr. S.D.N.Y. 1984)).

Claimant asserts that her Proof of Claim could not have been filed before the Confirmation Order because Claimant was unaware of Debtors' bankruptcy cases. "The Bankruptcy Code requires that all holders of claims be given notice of a bankruptcy case." 11 U.S.C. § 342 (2002); *Smith*, 217 B.R. at 567. On January 7, 2007 and January 14, 2007, notice of PRC-MO's bankruptcy case and the Administrative Claims Bar Date was published in the St. Louis Post-Dispatch and the Belleville News Democrat. Distribution Trustee PCI contends that Claimant received adequate notice from these publications.

4

      Notice must be provided in a way that is reasonably calculated to inform those who may have claims against the debtor. *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S. Ct. 652, 657, 94 L.Ed. 865 (1950). The classic form of notice is personal service of written notice within the jurisdiction. Personal service is always sufficient in any type of proceeding. *Id.* Notice by publication is generally used to give notice to unknown creditors or known creditors who cannot be otherwise located. *Id.* Here, Distribution Trustee PCI presented no evidence to indicate that Claimant was either unknown or unable to be reached by other means. Publications in two newspapers that Claimant may or may not read, does not constitute notice to Claimant. Therefore,

      **IT IS ORDERED THAT** Distribution Trustee PCI's Objection is OVERRULED, and the claim is allowed as timely filed.

*/s/ Kathy A. Surratt-States*

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Brian Wade Hockett
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101

Mark V. Bossi
Thompson Coburn
One US Bank Plaza
St. Louis, MO 63101

Anita Patterson
c/o Kurt Cummiskey, Attorney at Law LLC
3801 Connecticut
St. Louis, MO 63116